**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LORI HOGANS, on behalf of herself        *
and MARCUS HOGANS, a minor               *
                                         *
            Plaintiff                    *
                                         *          NO: 1:10CV00005   SWW
V.                                       *
                                         *
OFFICER DAVID SALLAS, ET AL.             *
                                         *
            Defendants

### ORDER

Plaintiff Lori Hogans ("Hogans"), proceeding *pro se*, commenced this action under 42

U.S.C. § 1983 against a Independence County Sheriff Keith Bowers; Independence County law

enforcement  officers Mike Munday, Robert Riggs, and David Sallas; state prosecuting attorney

Daniel Brightwell, private attorney Fuller Bumpers; and Circuit Judge Lee Harrod.   Hogans

attempts to bring claims on behalf of her minor son, Marcus Hogans, alleging that Defendants

conspired to violate his constitutional rights by means of wrongful arrest, prosecution, and

conviction.

Before the Court is a motion to dismiss by Defendants Bowers, Munday, Riggs, and

Sallas (docket entry #4), a motion to dismiss by Defendant Bumpers (docket entry #10), and a

motion to dismiss by Defendants Brightwell and Harrod (docket entry #21).   The time for

responding has passed, and Plaintiff has not filed a response.  Also before the Court is Plaintiff's

motion for appointment of counsel and for an extension of time to comply with the Court's order

entered February 12, 2010.   After careful consideration, and for reasons that follow, Plaintiff's

motion for appointment of counsel and for an extension of time will be denied, and Defendants' motions to dismiss will be granted.  This action will be dismissed without prejudice.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts alleged in the complaint are assumed to be true.  *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).  The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  Regardless of whether a plaintiff is represented by counsel or appearing *pro se*, her complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

Hogans claims that Defendants conspired to violate her son's constitutional rights in connection with his arrest and conviction in state court, but she does not allege that Defendants violated her constitutional rights or that she has suffered an injury traceable to the challenged conduct of a defendant, which is likely to be redressed by a favorable decision.  The only claims that Hogans might conceivably bring on her own behalf are supplemental claims for intentional and negligent infliction of emotional distress brought pursuant to state law.  *See* Compl. at 17.

Defendants assert, among other things, that Hogans fails to state a viable claim for relief on her own behalf and that she is precluded from bringing claims on behalf of her minor son.  By order entered February 12, 2010, the Court informed Hogans that she may not act as the legal representative for her son in this case.  *See Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876 (3rd Cir.1991)(non-lawyer parent barred from representing minor children in federal court).  The Court gave Hogans a period of 30 days from the entry date of the order in which to obtain legal

representation.  Additionally, the Court informed Hogans of her obligation as a *pro se* litigant to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

On February 17, 2010, Hogans filed a motion requesting an extension of time in which to respond to Defendants' motions to dismiss.   The Court granted the motion, giving Lori Hogans up to and including March 24, 2010 in which to respond on her own behalf to Defendants' motions to dismiss.  Additionally, the Court reminded Hogans that March 24, 2010 was also the deadline for counsel to enter an appearance.

On March 23, 2010, Hogans filed a motion for appointment of counsel, stating that she filed this action "as next of friend under rule 17."  Hogans reports that she consulted two attorneys but cannot afford their cash demands, and she seeks more time to locate an attorney that she can afford.  Alternatively, Hogans asks the Court to appoint counsel.  Hogans has not responded to Defendants' motions to dismiss, nor has she requested an extension of time to do so.

Hogans, a non-lawyer, is not entitled to represent her minor son in place of an attorney, and the Court finds that she has failed to show cause for an additional extension of time in which to retain counsel.   The Court further finds that appointment of counsel is not warranted.  A civil litigant has no constitutional or statutory right to court-appointed counsel, and the decision whether to make an appointment is within the Court's discretion.  *See Sours v. Norris*, 782 F.2d 106, 107 (8th Cir.1986).   Under 28 U.S.C. § 1915(d), a court may appoint counsel to represent an indigent  civil litigant.  Here, Hogans does not proceed *in forma pauperis*, and she provides no evidence regarding her financial resources or documentation of her efforts to retain counsel.  Furthermore, it is far from clear that Marcus Hogans has a viable claim for relief under § 1983.

In sum, the Court finds that (1) Plaintiff Lori Hogans fails to state a claim that Defendants violated her federal rights in violation of 42 U.S.C. § 1983; (2) Plaintiff Lori Hogans is not entitled to bring claims on behalf of her minor son unless she is represented by an attorney, and she has failed to retain counsel within the extended period of time granted for that purpose; and (3) appointment of counsel is not justified in this case.  Based on these findings, Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) will be granted.  Plaintiffs' claims pursuant to 42 U.S.C. § 1983 will be dismissed without prejudice, and to the extent that Plaintiff Lori Hogans brings claims on her own behalf pursuant to state law, those claims will be dismissed without prejudice pursuant to state law, without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that Defendants' motions to dismiss (docket entries #4, #10, #21) are GRANTED.   Pursuant to the judgment entered together with this order, this action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel and for an extension of time (docket entry #30) is DENIED.

IT IS SO ORDERED THIS 12TH   DAY OF APRIL, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE